UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (Detroit)

In re:  Chapter 7 No. 18-56303-mar
Dennis Rex Calligan and
Susan Ella Calligan  Hon. Mark A. Randon
        Debtors.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

NOW COMES Metropolitan Life Insurance Company, by and through its attorneys, Trott Law, P.C., and shows unto this Honorable Court as follows:

1. That Movant is the prior holder of a mortgage on property in possession of the Debtor(s) and located at 8818 Whiteford Center Rd, Ottawa Lake, MI 49267-9721;

2. That the Debtor(s) filed Chapter 7 Bankruptcy on December 5, 2018;

3. That the mortgage previously held by Movant on the above referenced property was foreclosed and sold at Sheriff's sale on November 8, 2018;

4. That a Sheriff's deed was recorded on November 13, 2018 in Instrument 2018R20709 in the Monroe County Register of Deeds (see attached copy of the Sheriff's deed);

5. That the statutory redemption period has expired or will expire on May 8, 2019;

6. That pursuant to In re Glenn, 760 F.2d 1428 (6th Cir. 1985), the prior mortgage cannot be reinstated or the redemption period tolled through the filing of the Bankruptcy;

7. That pursuant to the Statement of Intention, the subject property is to be surrendered;

8. That the approximate market value of the subject property is $141,600.00, according to Schedules A/B and D;

9. That the Foreclosure Sale Bid to Metropolitan Life Insurance Company was $107,995.49, plus accumulating interest and allowable advances;

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

10. That no other party has an interest in the subject property to the knowledge and belief of Movant;

11. That a mere possessory interest in property is not sufficient to make the asset part of the bankruptcy estate;

12. Movant requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property.

13. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

14. That Movant and/or its successors and assigns further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale, or other loss mitigation solution. That Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

15. That pursuant to Local Bankruptcy Rule 9014-1(b)(1), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

16. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

17. Concurrence from debtor's attorney and from Chapter 7 trustee was sought by Movant's attorney's office on December 11, 2018 and concurrence was not able to be obtained from all parties.

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott Law, P.C.

Dated: December 12, 2018

/S/ ~~Marcy J. Ford (P49158)~~
/S/ Rose Merithew (P73319)
/S/ ~~Athena Aitas (P61824)~~
Attorney for Metropolitan Life
Insurance Company
31440 Northwestern Hwy Ste. 145
Farmington Hills, MI 48334-5422
248.642.2515
Email: EasternECF@trottlaw.com

Trott #485607B03

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN (Detroit)

In re:  
Dennis Rex Calligan and  
Susan Ella Calligan  
                Debtors.  
_____/

Chapter 7 No. 18-56303-mar

Hon. Mark A. Randon

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Movant, Metropolitan Life Insurance Company, by and through its attorneys, Trott Law, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 8818 Whiteford Center Rd, Ottawa Lake, MI 49267-9721; and the approximate market value of the property is $141,600.00 according to Schedules A/B and D; and the Foreclosure Sale Bid owing to Movant being approximately $107,995.49, plus accumulating interest and allowable advances; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 8818 Whiteford Center Rd, Ottawa Lake, MI 49267-9721 to allow Creditor to commence or continue its federal and/or state law rights to the property. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period. Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.